UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21711-CIV-JORDAN/MCALILEY

GREGORIO P. SIMONES,

    Plaintiff,

v.

EISAI INC., a foreign corporation,

    Defendant.
_____/

## DEFENDANT EISAI INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Eisai Inc. ("Eisai" or "Defendant"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 8, states the following to and in defense of the allegations of the Plaintiff's Complaint ("Complaint"):

## ANSWER TO JURISDICTION AND VENUE

1.    Eisai denies the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to bring an action to recover damages in excess of $15,000.

2.    Eisai admits that Plaintiff purports to be an individual citizen and resident of Miami-Dade County, Florida.

3.    Eisai denies the allegations contained in paragraph 3 of the Complaint, except admits that Eisai is a foreign corporation, which conducts business in Miami-Dade County, Florida and that this Court has diversity jurisdiction over this action.

## ANSWER TO PARTIES

4.    Eisai denies the allegations contained in the first sentence of paragraph 4 of the Complaint, except admits that Plaintiff was employed by Eisai and that his assigned sales

territory covered parts of Miami-Dade County, Florida. The allegations contained in the second sentence of paragraph 4 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Eisai denies the allegations contained in paragraph 4 of the Complaint.

5. Eisai denies the allegations contained in the first sentence of paragraph 5 of the Complaint, except admits that Eisai is a foreign corporation and conducts business in Florida, and employs and has employed fifteen or more persons during timeframe relevant to the Complaint. The allegations contained in the second sentence of paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Eisai denies the allegations contained in the second sentence of paragraph 5 of the Complaint.

## ANSWER TO COMPLIANCE WITH PROCEDURAL REQUIREMENTS

6. Eisai denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that Plaintiff has not obtained a right to sue letter from the Florida Commission on Human Relations.

7. Eisai denies the allegations contained in paragraph 7 of the Complaint.

8. [The Complaint does not contain paragraph 8.]

## ANSWER TO GENERAL ALLEGATIONS

9. Eisai admits the allegations contained in paragraph 9 of the Complaint.

10. Eisai denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admits that Simones is Hispanic and was born on November 28, 1948.

11. Eisai denies the allegations contained in paragraph 11 of the Complaint, except admits that Simones was terminated on June 26, 2007.

12. Eisai denies the allegations contained in paragraph 12 of the Complaint.

13. Eisai admits the allegations contained in paragraph 13 of the Complaint.

14. Eisai denies the allegations contained in paragraph 14 of the Complaint.

15. Eisai denies the allegations contained in paragraph 15 of the Complaint, except admits that it tried to sell the drug Fragmin to Jackson Memorial Hospital ("JMH") and that Larry Iocco ("Iocco") told Simones to spend a majority of his time at JMH.

16. Eisai denies the allegations contained in paragraph 16 of the Complaint, except admits that in 2006, Eisai presented JMH with a proposed Fragmin sales contract and that Gary Woods, Iocco, Lisa Zambito and Simones attended a meeting at JMH during which JMH requested to see more data on Fragmin.

17. Eisai denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 17 of the Complaint and denies the allegations contained in the second and third sentences of paragraph 17 of the Complaint, except admits that JMH employees told Iocoo about JMH's desire to obtain clinical trial on several occasions.

18. Eisai denies the allegations contained in paragraph 18 of the Complaint, except admits that on May 3, 2007, Simones sent an email quoted in paragraph 18 of the Complaint and refer to that email for the precise contents thereof.

19. Eisai denies the allegations contained in paragraph 19 of the Complaint.

20. Eisai admits that on June 18, 2007, Simones sent an email to Matt Burke, with a copy to Iocco, quoted in paragraph 20 of the Complaint and refer to that email for the precise contents thereof.

21. Eisai denies the allegations contained in paragraph 21 of the Complaint, except admits that on June 22, 2009, Iocco requested the termination of Simones partially based on the last line of Simones's June 18, 2007, e-mail.

22. Eisai denies the allegations contained in paragraph 22 of the Complaint, except admits that Iocco, Simones and Dr. Tetali spoke while they were in Orlando, Florida in June 2007.

23. Eisai denies the allegations contained in paragraph 23 of the Complaint, except admits that there was a meeting attended by Dr. Tetali, Brian Doyle, Simones, Ana Lopez and Venessa Price on or about June 10, 2007.

24. Eisai denies the allegations contained in paragraph 24 of the Complaint.

25. Eisai denies the allegations contained in paragraph 25 of the Complaint.

26. Eisai admits that Plaintiff's June 18, 2007, e-mail was not the only true reason for his termination.

27. Eisai denies the allegations contained in paragraph 27 of the Complaint.

28. Eisai denies the allegations contained in paragraph 28 of the Complaint.

29. Eisai denies the allegations contained in paragraph 29 of the Complaint.

30. [The Complaint does not contain paragraph 30.]

31. [The Complaint does not contain paragraph 31.]

### ANSWER TO COUNT I
### ALLEGED VIOLATION OF FLORIDA CIVIL RIGHTS ACT

32. Eisai reincorporates and realleges its answers in paragraphs 1 through 31 as if set forth fully herein.

33. Eisai denies the allegations contained in paragraph 33 of the Complaint.

34. Eisai denies the allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Eisai denies the allegations contained in paragraph 35 of the Complaint.

36. Eisai denies the allegations contained in paragraph 36 of the Complaint.

37. Eisai denies the allegations contained in paragraph 37 of the Complaint.

## ANSWER TO ALLEGED RELIEF SOUGHT

38. Eisai denies that Plaintiff is entitled to the relief set forth in subparagraphs a. through g. in the RELIEF SOUGHT clause following paragraph 37 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

## ANSWER TO JURY DEMAND

39. No response is necessary to Plaintiff's demand for a jury trial. To the extent a response is required, Eisai denies that Plaintiff is entitled to any of the relief sought in the Complaint or any relief whatsoever.

## FIRST GENERAL DEFENSE

Unless otherwise specifically admitted herein, Eisai denies each and every allegation in the Complaint and demands strict proof thereof.

## SECOND GENERAL DEFENSE

Eisai reserves its right to supplement and/or amend its Answer and Affirmative Defenses upon receiving additional information and documentation concerning Plaintiff's allegations.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted because the allegations fail to set forth and adequately support a *prima facie* case of any violation by Defendant of the Florida Civil Rights Act, §§ 760.01-760.11, Fla. Stat.

**SECOND AFFIRMATIVE DEFENSE**

If Plaintiff has suffered damages, which Defendant expressly denies, upon information and belief, Plaintiff has failed to make reasonable and diligent efforts to mitigate his damages.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's actions were taken in good faith and based on legitimate, non-discriminatory business reasons.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or filing periods.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by his failure to satisfy statutory and/or administrative prerequisites under the Florida Civil Rights Act, §§ 760.01-760.11, Fla. Stat., prior to bringing this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Florida Civil Rights claim is barred by Plaintiff's failure to file this action within ninety (90) days after his receipt of a right to sue letter from the EEOC or to obtain timely a right to sue letter from the Florida Commission on Human Relations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust and/or election of administrative remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims of discrimination are limited by the scope of the charge of discrimination he filed, if any, with the EEOC and/or FCHR.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover punitive damages because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendant has engaged in good faith efforts to comply with all laws prohibiting discrimination, harassment and/or retaliation.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages because if actions taken by its managerial agents were discriminatory, which Defendant expressly denies, they were contrary to Defendant's good faith efforts to comply with the requirements of applicable law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover punitive damages under the Florida Civil Rights Act, §§ 760.01-760.11, Fla. Stat., because at all times relevant and material, Defendant acted in good faith and did not act with malice or reckless indifference to Plaintiff's statutorily protected rights, nor did it otherwise discriminate against Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is entitled to damages, which Defendant expressly denies, his damages are limited by the applicable cap on damages as set forth under the Florida Civil Rights Act, §§ 760.01-760.11, Fla. Stat.

WHEREFORE, Eisai, having fully answered the Complaint and raised legal defenses thereto, requests that the instant action be dismissed in its entirety, with prejudice; and requests that costs, including reasonable attorneys' fees, be awarded to Eisai.

Dated: September 28, 2009

                                           s/Allan H. Weitzman
                                           Allan H. Weitzman, Esq.
                                           Florida Bar No. 0045860
                                           aweitzman@proskauer.com
                                           Jurate Schwartz, Esq.
                                           Florida Bar No. 0712094
                                           jschwartz@proskauer.com
                                           Proskauer Rose LLP
                                           2255 Glades Road – Suite 340 West
                                           Boca Raton, FL  33431-7360
                                           Telephone: (561) 241-7400
                                           Facsimile: (561) 241-7145
                                           *Attorneys for Defendant Eisai Inc.*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on that on September 28, 2009, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  s/Allan H. Weitzman
                                                  Allan H. Weitzman, Esq.

## SERVICE LIST

***Gregorio P. Simones***
***v.***
***Eisai Inc.***

CASE NO. 09-21711-CIV-JORDAN/MCALILEY

Gary A. Costales, Esq.
costalesgary@hotmail.com
Gary A. Costales, P.A.
1200 Brickell Avenue
Suite 1230
Miami, FL 33131
Telephone: (305) 375-9510
Facsimile: (305) 375-9511
Attorney for Plaintiff, Gregorio P. Simones
Via CM/ECF