UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21711-CIV-JORDAN/MCALILEY

GREGORIO P. SIMONES,

    Plaintiff,

v.

EISAI INC., a foreign corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER TO ASSERT THE AFFIRMATIVE DEFENSE OF AFTER-ACQUIRED EVIDENCE AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Eisai Inc. ("Eisai"), by and through its attorneys, pursuant to Fed. R. Civ. P. 15(a) and S.D. Fla. L.R. 15.1, hereby moves this Court for entry of an order granting it leave to amend its Answer to assert the affirmative defense of after-acquired evidence. In support thereof, Eisai states as follows:

1. This action was initiated by Plaintiff on or about April 24, 2009, with the filing of a one-count Complaint against Eisai alleging employment discrimination pursuant to the Florida Civil Rights Act.

2. In his Complaint, Plaintiff seeks, <u>inter alia</u>, frontpay and backpay damages.

3. In the course of discovery, Eisai has obtained information, which would have been grounds for, and which would have resulted in Plaintiff's termination. Specifically, during the deposition of Plaintiff on January 14, 2010, Eisai learned that Plaintiff made a material misrepresentation and/or omission in his application for employment with Eisai ("application"). Specifically, in the application, Plaintiff stated that his reason for leaving a prior employer,

Glaxo, Inc., was "too much travel, family illness".  He was, however, fired for sexual harassment.  The application unequivocally provides that "any misrepresentation or omission to state a material fact will constitute cause for cancellation of this application, or discharge if I am employed".  (A copy of the application is attached as Exhibit A.)

4.	Therefore, Eisai seeks leave to amend its Answer to include the affirmative defense of after-acquired evidence.

5.	As required by S.D. Fla. L.R. 7.1(A)(3), Eisai's counsel has contacted counsel for Plaintiff, and, Plaintiff's counsel opposes this Eisai's Motion for Leave to Amend its Answer to Assert the Affirmative Defense of After-Acquired Evidence ("Motion for Leave").

6.	A copy of the proposed Amended Answer and Affirmative Defenses is attached hereto as **Exhibit B.**

### ARGUMENT

While district courts have discretion to grant leave to amend, leave to amend should be liberally given when justice so requires and there is no prejudice to the opposing party.  See Fed. R. Civ. P. 15(a); McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) (leave to amend should be freely given in the absence of reasons such as bad faith or undue delay); Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996) (unless a substantial reason exists for denying a motion for leave to amend, the discretion of the court is not broad enough to deny such motion); Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) ("unless a substantial reason exists to deny leave to amend [a complaint], the discretion of the district court is not broad enough to permit denial"); Doe v. Bd. of County Comm'rs, Palm Beach County, Fla., 783 F. Supp. 1379, 1381 (S.D. Fla. 1992) (leave to amend should be freely given).

The Eleventh Circuit has stated that to decide a motion for leave to amend, a district court should consider the following factors:

(1)  undue delay, bad faith or dilatory motive on the part of the movant;

(2)  repeated failure to cure deficiencies by amendments previously allowed;

(3)  undue prejudice to the opposing party by virtue of allowance of the amendment; and

(4)  futility of amendment.

Id.; McKinley, 177 F.3d at 1258.

None of these factors, each of which could militate against allowing amendment of Eisai's Answer to add the affirmative defense, are present in this case.  Eisai filed this Motion for Leave to Amend within days after learning of facts giving rise to its affirmative defense of after-acquired evidence.  Eisai does not seek to amend its Answer or affirmative defenses to cure any existing deficiencies; rather, it seeks to add an additional affirmative defense, which could not have been added earlier, i.e., before the December 29, 2009, deadline to amend pleadings, due to Eisai's learning of it only on January 14, 2010.

No prejudice would occur to the Plaintiff if Eisai were allowed to amend its Answer to include a new affirmative defense because the discovery in this matter is continuing and the deadline for its completion is March 29, 2010.

Finally, this amendment would not be futile because the affirmative defense of after-acquired evidence is a valid affirmative defense pursuant to McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 361-62 (1995) (holding, as a general rule, that neither frontpay nor reinstatement are appropriate remedies where, after employee files employment discrimination lawsuit, employer learns about employee wrongdoing which would have provided lawful grounds for employee's discharge and that backpay is available and properly calculated from the

date of unlawful discharge to the date new information was discovered). See also Martin v. Scott & Stringfellow, Inc., No. 3:08cv417, 2009 WL 54510, at *3 (E.D. Va. Jan. 8, 2009) (holding that employer was entitled to leave to amend its answer to add affirmative defense of after-acquired evidence in employee's action alleging hostile work environment and constructive discharge).

## CONCLUSION

Based on the foregoing, Eisai respectfully requests that this Court: (i) grant its Motion for Leave to Amend its Answer to Assert the Affirmative Defense of After-Acquired Evidence, and (ii) grant such other and further relief as this Court deems just and proper.

Dated: January19, 2010

                s/Allan H. Weitzman
                Allan H. Weitzman, Esq.
                Florida Bar No. 0045860
                aweitzman@proskauer.com
                Jurate Schwartz, Esq.
                Florida Bar No. 0712094
                jschwartz@proskauer.com
                Proskauer Rose LLP
                2255 Glades Road – Suite 340 West
                Boca Raton, FL  33431-7360
                Telephone: (561) 241-7400
                Facsimile: (561) 241-7145
                *Attorneys for Defendant Eisai Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on that on January 19, 2010, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/Allan H. Weitzman
        Allan H. Weitzman, Esq.

## SERVICE LIST

*Gregorio P. Simones*
*v.*
*Eisai Inc.*

CASE NO. 09-21711-CIV-JORDAN/MCALILEY

| | |
|---|---|
| Gary A. Costales, Esq. | Allan H. Weitzman, Esq. |
| costalesgary@hotmail.com | aweitzman@proskauer.com |
| Gary A. Costales, P.A. | Jurate Schwartz, Esq. |
| 1200 Brickell Avenue | jschwartz@proskauer.com |
| Suite 1230 | Proskauer Rose LLP |
| Miami, FL 33131 | 2255 Glades Road, Ste. 340W |
| Telephone: (305) 375-9510 | Boca Raton, FL 33431 |
| Facsimile: (305) 375-9511 | Telephone: (561) 241-7400 |
| Attorney for Plaintiff, Gregorio P. Simones | Facsimile: (561) 241-7145 |
| Via CM/ECF | Attorney for Defendant, Eisai Inc. |
| | Via CM/ECF |